402-08/GMV/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Gina M. Venezia (GV 1551)
Pamela L. Schultz (PS 8675)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PCL (SHIPPING) PTE. LTD.



**08 CV**

Plaintiff,

-against-

**VERIFIED COMPLAINT**

STAR PVG EXPORTS,
                         Defendant.
-------------------------------------------------------------x

Plaintiff, PCL (Shipping) Pte. Ltd. (hereinafter "PCL") for its Verified Complaint against

Defendant Star PVG Exports (hereinafter "Star"), alleges upon information and belief as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract

of charter party.  This case also falls under this Court's admiralty and maritime jurisdiction

pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C.

§1331.  Federal jurisdiction also exists because the action arises under the New York Convention

on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or

the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2.     At all times material hereto, PCL was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at No. 1, Kim Seng Promenade #07-02, Great World City, Singapore 237994.

3.     At all times relevant hereto, Defendant Star was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 1088/B, Perana Hommes, Ranade Colony Hidwadi, Belgaum 590011, India.

4.     On or about March 13, 2008, Plaintiff PCL in the capacity as disponent owner of the M/V ALAM SENANG, entered into a maritime contract of charter party with Defendant Star, as charterer, for the carriage of a cargo of 25,000 metric tons of bulk iron ore fines 10% more or  less in owners' option.

5.     Pursuant to the terms of the charter party, the vessel was duly delivered into service under the charter, and the cargo was carried from Panaji, India to Rizhao.

6.     After the cargo was discharged, Plaintiff PCL submitted an invoice to Defendant Star for amounts due and outstanding under the charter party for ocean freight totaling $110,783.87.

7.     Despite due demand, Defendant Star has refused and/or otherwise failed the pay the amounts due and outstanding under the invoice.

8.     The charter party provides for the application of English law and all disputes between the parties are to be resolved by the arbitration in Singapore, and Plaintiff PCL specifically reserves its right to proceed in arbitration.

9.     This action is brought to obtain jurisdiction over Defendant Star and to obtain security in favor of Plaintiff PCL with respect to its claims against Defendant Star and in aid of arbitration proceedings Plaintiff PCL has commenced and/or will soon commence.

10.    This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorney fees and costs in the arbitration and interest, all of which are recoverable as part of Plaintiff's claim under English law.

11.    Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrators' fees, disbursements and interest are recoverable as an element of Plaintiff's claim.

12.    Plaintiff estimates, as nearly as can be computed, that the legal expenses and arbitral costs of prosecuting the claim will be $35,000 and interest on its damages are estimated to be $14,013.35 (calculated at the rate of 6% for a period of 2 years, the estimated time for completion of the arbitration proceedings).

### Request for Rule B Relief

13.    Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia,* cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (collectively hereinafter, "ASSETS"), including but not limited to ASSETS at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

14.    The total amount to be attached pursuant to the calculations set forth above is **$159,797.21.**

WHEREFORE, Plaintiff PCL (Shipping) Pte. Ltd. prays:

a.    That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b.    That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$159,797.21** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant (collectively hereinafter, "ASSETS"), including but not limited to such ASSETS as may be held, received, or transferred in its name or as may be held, received or transferred for its benefit, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.    That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to an order compelling Defendant to arbitrate and/or the recognition and enforcement of any judgment entered against the Defendant in the arbitration proceedings; and

d.    For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
      July 22, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff

By: _____
    Gina M. Venezia (GV 1551)
    Pamela L. Schultz (PS 8675)
    80 Pine Street
    New York, NY  10005
    (212) 425-1900

## ATTORNEY VERIFICATION

State of New York  )
                  ) ss.:
County of New York )

PAMELA L. SCHULTZ, being duly sworn, deposes and says as follows:

1.     I am an associate of the firm Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.     The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3.     The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
PAMELA L. SCHULTZ

Sworn to before me this
22 day of July 2008.

_____
Notary Public

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009